UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Trevor McCardle | | Cathy Granger |

**Proceedings:**   MOTION TO COMPEL ARBITRATION (Docket #16, filed April 23, 2012)

MOTION TO DISMISS CASE (Docket #9, filed April 2, 2013)

MOTION TO STRIKE (Docket #7, filed April 2, 2013)

**I.   INTRODUCTION**

Plaintiffs Trevor McCardle and Monica McCardle filed this case in this Court on March 11, 2013. Plaintiffs' complaint alleges state and federal claims for relief arising out of defendants' attempt to collect payments purportedly due on plaintiff's student loans.

On April 23, 2012, defendants filed a motion to compel arbitration and stay the proceedings pending the completion of arbitration. Plaintiffs filed an opposition on May 13, 2013, and defendants replied on May 20, 2013. Defendants' motion is before the Court.

**II.   BACKGROUND**

On April 29, 2008, plaintiff Trevor McCardle applied for a bar study student loan from defendants. In connection with Trevor McCardle's loan application, he agreed to terms and conditions which included, among other things, the following arbitration clause:

You and I agree that either you or I may, without the other's consent, require

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

that any Claims between you and me be submitted to mandatory, binding arbitration except for certain matters excluded below. . . .

Claims relating to: 1) any and all aspects of my Account including without limitation the origination, establishment, terms, treatment, operation, handling, billing, servicing, limitations on or termination or acceleration of my Account; 2) any disclosures or statements relating to my Account; 3) the application, enforceability or interpretation of my Account, including this arbitration provision. Any questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

Claims made directly by me as well as Claims made by anyone connected with me or claiming through me, such as a co-applicant or co-signer on my Account, my agent, representative or heirs, or a trustee in bankruptcy.

Def. Ex. 6 at 6 – 7 ("arbitration agreement").  Additionally, a "claim" is defined to mean "any case, controversy, dispute, tort, disagreement, lawsuit or claim now or hereafter existing between you and me arising out of or in connection with my loan." Id.  The only claims excluded from arbitration are claims filed in small claims court.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration agreements."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. ----, 131 S. Ct. 1740, 1746 (2011).

## IV.   ANALYSIS

### A.   Scope of the Arbitration Agreement

Plaintiff Trevor McCardle's does not dispute that his claims are within the scope of the arbitration agreement. The Court agrees. Trevor McCardle's claims all pertain to his account with defendants, and therefore fall squarely within the terms of the arbitration agreement.

The only disputed issue regarding the scope of the arbitration agreement is whether it applies to Monica McCardle's claims as well as Trevor McCardle's. Plaintiff argues that because Monica McCardle is not a signatory to his agreement with defendants, she cannot be bound by the arbitration agreement. Plaintiff reasons that because arbitration is a matter of contract, Monica McCardle cannot be bound by the arbitration agreement because she never manifested assent to its terms.

Plaintiff is correct that, as a general matter, a nonsignatory to an agreement cannot be compelled to arbitrate according to its terms. See, e.g., Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2276 (2010) ("The FAA reflects the fundamental principle that arbitration is a matter of contract."). This general rule, however, has several exceptions. An exception pertinent to the instant case provides that a proponent of a derivative claim can be compelled to arbitration if the individual from whom the claim derives is contractually bound to arbitrate. Martin Domke, Gabriel Wilner and Larry E. Edmonson, Domke on Commercial Arbitration § 13:10 (Updated May 2013); A.L. Williams & Associates, Inc. v. McMahon, 697 F. Supp. 488, 494 (N.D. Ga. 1988); Brown v. KFC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

National Management Co., 82 Hawai'i 226, 241 (1996) ("Several federal and state courts have held that certain derivative claims are inseparable from those to which they relate and, on that basis, have obligated the proponents of such derivative claims to arbitrate them when the proponents of the related and underlying claims are contractually bound to do so."). In McMahon, for example, the district court compelled a nonsignatory to arbitration where her claim to damages wholly overlapped with claims asserted by her husband, who was signatory to an arbitration agreement. McMahon, 697 F. Supp. at 494. Similarly, California law recognizes that where a third-party's claim for relief arises out of injuries suffered by a patient who is a signatory to an arbitration contract, the third-party is also bound to arbitrate. Michaelis v. Schori, 20 Cal. App. 4th 133, 139 (1993); County of Contra Costa v. Kaiser Foundation Health Plan, Inc., 47 Cal. App. 4th 237, 242 – 243 (1996).

Here, the arbitration agreement encompasses not only claims asserted directly by Trevor McCardle, but also "claims made by anyone connected with me or claiming through me." Def. Ex. 6 at 6 – 7. Moreover, plaintiffs have explained that Monica McCardle's "only connection with this dispute stems from the collateral damages inflicted upon her by defendants while they were illegally harassing [Trevor McCardle]." Ptf. Opp. at 3. Monica McCardle's claims are therefore squarely within the scope of the arbitration agreement. Additionally, Monica McCardle's claims for damages arise out of and are wholly dependent on Trevor McCardle's claims for harassment. Her claims are not separable from his. Cf. Brown, 82 Hawai'i at 243. Monica McCardle's claims can therefore be referred to arbitration pursuant to the exception for derivative claims asserted by a nonsignatory.[1]

---

[1] At oral argument, plaintiff claimed that the Ninth Circuit's decision in Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042 (9th Cir. 2009), compels the opposite result. Mundi, however, deals with substantially different facts than the instant case. In Mundi, the relevant agreement between the parties did not contain an arbitration agreement, and the defendant was seeking to enforce an arbitration provision contained in an agreement that neither plaintiff nor defendant had signed. While a contract between the plaintiff's husband and a third party did contain an arbitration provision, and while the plaintiff's claim bore some attenuated relationship to her husband's contract, the Ninth Circuit concluded that arbitration should not be compelled because the plaintiff's claims were not sufficiently intertwined with the contract providing for arbitration. Mundi, 555 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

Accordingly, the Court concludes that all of plaintiffs' claims are subject to the arbitration agreement.

### B.     Enforceability of the Arbitration Agreement

Plaintiffs' argue that even if their claims fall within the scope of the arbitration agreement, defendants' motion should be denied because the agreement is unconscionable. As a threshold issue, the parties dispute whether Nevada law or California law controls the question of whether the agreement is unconscionable. The law of both states, however, provides that an arbitration agreement is unconscionable only if it is unfairly one-sided. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2000); D.R. Horton, Inc. v. Green, 120 Nev. 549, 554 (2004) (citing Armendariz). The Court therefore need not address the choice of law question, because there is no material difference between California law and Nevada law.

Plaintiffs argue that the arbitration agreement is unfairly one-sided because it provides that arbitration will be conducted by either the National Arbitration Forum, the American Arbitration Association, or JAMS, and according to plaintiffs, these associations are biased against consumers. To support this assertion, plaintiffs claim that arbitrators from these three organizations issue awards against consumers in a large percentage of cases, and argue this shows that the "odds" are not in a consumer's favor in arbitration. Ptf. Opp. at 16. The Court rejects plaintiffs' argument. The "odds" analysis, which the plaintiffs invoke, applies in circumstances where outcomes are driven by chance or unpredictable events. This concept is inapplicable here, because dispute resolution – whether it be through arbitration or litigation – is not driven by chance, but by the merits of the claims asserted, even if the dispute resolution processes are uncertain. Therefore, statistics tending to show that consumer claims often fail in arbitration are simply not probative of fairness, unless the statistics account for the merits of the consumer claims asserted. Plaintiff has not, however, produced a scintilla of evidence tending to show that meritorious consumer claims are unfairly denied by arbitrators from

---

1047. In this case, by contrast, the relevant arbitration provision applies to individuals claiming through Trevor McCardle, and Monica McCardle's claims are closely intertwined with claims subject to the arbitration provision. Mundi therefore does not require a different conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

any of the three aforementioned organizations. Accordingly, plaintiffs have not shown that the arbitration agreement is unconscionable.[2]

Plaintiffs final argument is that their claim for injunctive relief is not arbitrable under the California Supreme Court's decisions in Broughton v. Cigna Healthplans, 21 Cal. 4th 1066 (1999), and Cruz v. PacifiCare Health Systems, Inc., 30 Cal. 4th 303 (2003), which hold that certain claims for public injunctive relief cannot be resolved in arbitration. The Ninth Circuit recently addressed whether the Broughton-Cruz rule promulgated in these decisions is preempted under the FAA, and explained that the rule may escape preemption in narrow circumstances in which the injunctive relief sought mostly benefits the general public rather than the individual party pursuing a claim. Kilgore v. Keybank, Nat. Ass'n, — F. 3d. —, 2013 WL 1458876, at *5 (9th Cir. 2013). Here, plaintiffs' claims arise out of purported harassment they suffered personally, and they only seek to remedy this harassment. Plaintiffs do not seek a broad injunction nor have they alleged an injury remediable by a broad injunction. Plaintiffs therefore fail to meet the narrow exception potentially left open by Kilgore, and the Court therefore finds that their claims for injunctive relief are subject to arbitration.[3]

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to compel arbitration. The Court hereby STAYS these proceedings pending the conclusion of arbitration.

IT IS SO ORDERED.

---

[2] Two of plaintiffs' other arguments – that they cannot vindicate their statutory rights in arbitration and that claims for statutory damages under California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq., are not arbitrable – rest on their claim of arbitrator bias, and consequently the Court rejects these arguments as well.

[3] Since the Court has found that this case should be resolved in arbitration, defendants' motions to dismiss and to strike are denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1698 CAS (MRWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | TREVOR MCCARDLE, ET AL. V. CITIGROUP, INC., ET AL. | | |

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |